IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**WILLIAM FISHER**, *individually and on behalf of others similarly situated*,

    Plaintiff,

v.

**RYDER INTEGRATED LOGISTICS, INC.**

    Defendant.

No._____

FLSA Collective Action
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff William Fisher ("Plaintiff"), individually and on behalf of all others similarly situated brings this collective action against Defendant Ryder Integrated Logistics, Inc. ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and members of the collective.

2. Plaintiff alleges that he and those similarly situated were required to work "off the clock" before and after their scheduled shifts, as well as through unpaid meal beaks

3. Plaintiff seeks to form a class of aggrieved current and former hourly-paid warehouse employees and to recover unpaid overtime wages and other damages, as specified hereinafter.

### II. JURISDICTION AND VENUE

4. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in the FLSA violations alleged herein in this district during all times material to this cause.

## III. COVERAGE

6. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

7. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

8. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

9. Plaintiff and class members are/were "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

10. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## IV. CLASS DESCRIPTION

11. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All current and former hourly-paid warehouse employees who were employed by and worked for the Defendant "full time" for at least one week in the Tennessee from at any time from December 15, 2019 up to and including the present and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("class members").[1]

## V. PARTIES

12. Plaintiff William Fisher was employed by Defendant as an hourly-paid warehouse employee during all times material to this action. Plaintiff Fisher's Consent to Join this collective action is attached hereto as *Exhibit A*.

13. Defendant Ryder Integrated Logistics, Inc. is a Delaware Corporation with its principal offices located at 11690 NW 105 Street, Miami, Florida 33178-1103.

## VI. FACTS

14. Defendant owns and operates a warehouse in Spring Hill, Tennessee.

15. Plaintiff and all other similarly situated persons are current or former "full-time" hourly-paid warehouse employees of Defendant.

16. As "full-time" employees Plaintiff and class members typically worked 40 or more hours per week.

17. Defendant employed Plaintiff and class members and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times material to this lawsuit.

18. Defendant has had a time keeping system for tracking and reporting its employee' hours of work.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

19. Defendant has had a common practice of inducing, requiring, forcing, encouraging, expecting, and/or suffering and permitting, Plaintiff and class members to perform "off the clock" overtime work within weekly pay periods during all times material, without compensating them for such overtime hours at the applicable FLSA overtime compensation rate of pay.

20. Plaintiff and class members performed overtime work for Defendant within weekly pay periods during all times material that was either not recorded into Defendant's time keeping system or "edited-out" of its time keeping system.

21. Specifically, Plaintiff and class members performed work-related job tasks before the beginning of their scheduled shifts, without being compensated for such "off the clock" overtime at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times material.

22. Plaintiff and class members performed work-related job tasks after the end of their scheduled shifts, without being compensated for such "off the clock" overtime at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times material.

23. Plaintiff and class members performed work-related job during unpaid 30-mintue meal breaks, without being compensated for such "off the clock" overtime

24. The unpaid "off the clock" overtime claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

25. Defendant's violations of the FLSA were willful with reckless disregard to clearly established FLSA overtime compensation requirements.

26. Defendant's violations were without a good faith basis.

27. The net effect of Defendant's common practice of working Plaintiff and class members "off the clock" work was to minimize its payroll cost and increase its profits – all at the expense of Plaintiff and class members.

28. As a result, Plaintiff and class members are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all such unpaid "off the clock" work that is available to them under the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b).

30. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

31. While the exact number of collective members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, he believes there are more than 50 individuals in the class.

32. Plaintiff and class members are similarly situated as their claims are based on Defendant's compensation and time keeping plans and practices, as previously described.

33. They are similarly situated in that their claims are united through common theories of Defendant's FLSA statutory violations.

34. Defendant acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

35. Plaintiff and class members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendant.

## COUNT I
## FLSA OVERTIME WAGE VIOLATIONS

36. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

37. Defendant failed to pay Plaintiff and class members for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Collective Action, as previously described.

38. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and class members at least the applicable FLSA overtime compensation rate of pay for hours over 40 per week, within weekly pay periods during all times material to this action.

39. These claims are unified through common theories of Defendant's FLSA violations.

40. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

41. Defendant's conduct was without a good faith basis.

42. As a result, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

43. Plaintiff and class members are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other class members, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting them the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and class members;

C. An award of liquidated damages to Plaintiff and class members;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and class members;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: December 15, 2022.                    Respectfully Submitted,

*s/J. Russ Bryant*_____
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT**

7

**OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***