IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

WILLIAM FISHER, individually and on behalf )
of others similarly situated )
)
v. ) Case No. 1:22-0051
)
RYDER INTEGRATED LOGISTICS, INC. )

To: The Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully RECOMMENDS this case be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 4(m).[1]

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id*. Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

This case was filed on December 15, 2022. (Docket No. 1.) Under Rule 4(m), Defendant should have been served with process by no later than March 15, 2023. An initial case management conference was initially set for March 3, 2023. (Docket No. 4.)[2] However, because

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

[2] As noted in a previous order, the notice setting the initial case management conference inadvertently set the date as March 3, *2022*, although given that the notice was entered on

Plaintiff had not yet completed service of process, the Court entered an order on February 24, 2023, which rescheduled the initial case management conference for April 19, 2023, to give Plaintiff additional time to serve Defendant. (Docket No. 12.) Of note, the order contained the following admonition:

> Promptly upon service of process on Defendant, Plaintiff must file a return of service that confirms to Fed. R. Civ. P. 4(l). Plaintiff is cautioned that if service of process is not obtained in accordance with Fed. R. Civ. P. 4(m) and service of process proven as required, this case will be subject to dismissal without prejudice.
>
> The Court further cautions that it is the responsibility of the parties and their counsel to manage and prepare this case. The Court is disinclined to expend limited judicial resources providing the parties with any more reminders of their obligations under the Federal Rules of Civil Procedure and court orders. Failure to comply may result in any of the remedies authorized by Fed. R. Civ. P. 16(f).

(*Id.* at 1-2.) This warning apparently fell on blind eyes as there is no indication that Defendant has been served.[3] Counsel for Plaintiff has not entirely neglected this case based on the various "opt-in consent to join" documents filed by Plaintiff on April 6. (Docket No. 13.) Nonetheless, counsel appears unable to follow plain and simple instructions provided in either orders of this Court or the Federal Rules of Civil Procedure.

---

December 15, 2022, it should have been abundantly evident that the 2022 date represented a clerical error, and that the notice should have instead listed the date of the initial case management conference as March 3, *2023*.

[3] In response to an inquiry by the Courtroom Deputy, Plaintiff's counsel indicated that Defendant's counsel intended to waive service of process and a waiver would be filed. However, despite the Court's clear admonition in its February 24, 2023 order (Docket No. 12) and ample time having passed since then, no waiver of service of has yet been filed. The Court is simply without sufficient judicial resources to constantly prompt litigants and their attorneys to timely attend to cases. Further, the inordinate time spent compelling inattentive litigants and their attorneys to comply with basic obligations, as has occurred in this case, robs litigants who are properly managing their cases of the Court's timely attention to their legitimate disputes. Plaintiff and his counsel are cautioned that, regardless of the outcome of this report and recommendation, the failure to attend to this case, including by adhering to the Court's orders, will become increasingly consequential. *See* Fed. R. Civ. P. 16(f).

This case has now been pending for more than four months without demonstration of service of process, which exceeds the 90 days permitted by Rule 4(m). The plain language of Rule 4(m) requires that, under these circumstances, the case be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that this case be dismissed without prejudice under Rule 4(m).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge